IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLIFF JOHNSTON,  )
  )   02:07-cv-01280-GEB-EFB
            Plaintiff,  )
  )
       v.  )
  )   ORDER
CHARLENE LINDAUER, a/k/a CHARLENE )
MACALUSO;  G & R MORTGAGE GROUP;  )
VALUE HOME LOAN; AMERICAN MORTGAGE,)
  )
            Defendants.  )
_____)

The jury instructions submitted in this case are insufficient for the jury trial scheduled to commence on July 28, 2009. Plaintiff failed to submit proposed jury instructions notwithstanding the warning in the Final Pretrial Order that "FAILURE TO SUBMIT A JURY INSTRUCTION ON A CLAIM . . . ABANDONS THAT CLAIM . . . ." (FPO at 5).

The Final Pretrial Order required the parties to file proposed jury instructions fifteen (15) court days before the trial commencement date. Defendant Value Home Loan, Inc. filed timely proposed general jury instructions, but failed to include in that filing jury instructions on Plaintiff's claims. Defendant Charlene Lindauer a/k/a Charlene MaCaluso filed proposed jury instructions late; this defendant also failed to include proposed jury instructions on Plaintiff's claims.

1          Since the trial is scheduled to commence in this case in
2  approximately two weeks, the court reviewed Plaintiff's complaint as
3  it contemplated what should happen under the circumstances here where
4  proposed jury instructions have not been submitted on Plaintiff's
5  claims.  The complaint contains twenty-four claims, only four of which
6  are federal claims.  The federal claims are the following:  violation
7  of Truth in Lending Act (TILA), violation of the Real Estate
8  Settlement Procedures Act (RESPA), violation of the Equal Credit
9  Opportunity Act (ECOA) and violation of the Home Ownership and Equity
10 Protection Act (HOEPA).  However, Plaintiff's factual allegations in
11 his ECOA claim are insufficient to state a claim; therefore,
12 Plaintiff's ECOA claim is dismiss.  See generally Status (Pretrial
13 Scheduling) Order filed September 28, 2007, at 4 (warning parties that
14 non-trialworthy issues could be dismissed sua sponte).

15          Plaintiff asserts both federal question and diversity
16 jurisdiction.  However, he fails to establish diversity jurisdiction
17 in his complaint.  Plaintiff alleges in his complaint that he and "one
18 or more Defendants were residents of the County of Sacramento, State
19 of California."  Compl. ¶¶ 4 and 5.  Therefore, federal question
20 jurisdiction exists over Plaintiff's federal claims, and the court has
21 pendant or supplemental jurisdiction over Plaintiff's state claims.

22          Since Plaintiff has only three federal claims and twenty
23 state claims, the court considers whether Plaintiff's state claims
24 "substantially predominate[]" over the federal claims over which the
25 district court has original jurisdiction.  28 U.S.C. § 1367(c)(2).
26 "It has consistently been recognized that pendent jurisdiction is a
27 doctrine of discretion, not of plaintiff's right."  United Mine
28 Workers v. Gibbs, 383 U.S. 715, 726 (1966);  see San Pedro Hotel v.

City of Los Angeles, 159 F.3d 470, 478-79 (9th Cir.1998) (revealing the district court has discretion to dismiss state claims under 28 U.S.C. § 1367(c)(2)).  "Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims . . ."  Gibbs 383 U.S. at 726.  Further the Supreme Court stated in Gibbs "if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals."  Id. at 726-27.

       Plaintiff alleges, inter alia, six state fraud claims, four state negligence claims, and the state claims of promissory estoppel, unjust enrichment and misappropriation and/or conversion of funds. Review of Plaintiff's complaint reveals that the gist of Plaintiff's claims are his state fraud allegations; specifically, Plaintiff alleges he "never received copies of any of the paperwork that he supposedly signed."  Compl. ¶ 11.

       Plaintiff's state claims substantially predominate over Plaintiff's federal claims in terms of proof, the scope of the issues raised, and the comprehensiveness of the remedy sought.  Further, consideration of convenience and fairness to the litigants does not favor continued exercise of jurisdiction over Plaintiff's twenty state claims, in part, because jury instructions have not been timely proposed on these claims, and the parties have not filed a motion concerning any of those claims.  Moreover, the federal jury trial is scheduled to commence on July 28, 2009, and it is fair to proceed to trial only on Plaintiff's three federal claims since any difficulty

attendant to the parties' failure to propose jury instructions on three federal claims pales in comparison to problems created by the parties' failure to submit timely jury instructions on twenty state claims.  Lastly, the judicial economy factor does not weigh against dismissal of the state claims since the federal court has not spent time analyzing Plaintiff's state claims except the time invested to determine whether those claims substantially predominate over Plaintiff's federal claims.

For the stated reasons, Plaintiff's state claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(2).  Further, each party shall file proposed jury instructions (with authority) on the remaining three federal claims no later than noon on July 17, 2009, or show cause ("OSC") in a filing due no later than noon on July 17, 2009 why sanctions should not be imposed under Rule 16 (f) of the Federal Rules of Civil Procedure for the failure to file jury instructions on the federal claims as ordered.  Moreover, if a hearing on the OSC is requested in the response to the OSC, the hearing is scheduled to commence at 10:00 a.m. on July 27, 2009.  Lastly, the parties should endeavor to meet and confer on proposed jury instructions for the remaining three federal claims so that they could determine whether they could jointly propose jury instructions for the remaining three federal claims.

Dated:  July 14, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge