IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFF JOHNSTON,<br><br>        Plaintiff,<br><br>    v.<br><br>CHARLENE LINDAUER, a/k/a CHARLENE MACALUSCO; VALUE HOME LOAN,<br><br>        Defendants. | 2:07-cv-01280-GEB-EFB<br><br>ORDER DENYING PLAINTIFF'S MOTIONS, SUA SPONTE DISMISSING CLAIMS AGAINST DEFENDANT LINDAUER AND DENYING VALUE HOME LOANS' MOTION FOR ATTORNEYS' FEES[*] |

Defendant Value Home Loan ("Value") moves under California Civil Code § 1717 for an award of $33,240 in attorneys' fees based upon fee-shifting provisions included in Plaintiff's loan and deed of trust agreements. (Docket No. 101.) *Pro se* Plaintiff Cliff Johnston does not oppose Value's attorneys' fees motion.

Value was granted summary judgment on Plaintiff's two federal claims under the Truth in Lending Act ("TILA") and the Home Owner Equity Protection Act ("HOEPA") in an order filed on January 12, 2010. Plaintiff's TILA and HOEPA claims against Defendant Lindauer

---

[*] This matter is deemed to be suitable for decision without oral argument. E.D. Cal. R. 230(g).

1  remain pending since Lindauer filed a notice of bankruptcy on July 27,
2  2009.
3       After the Court granted Value's summary judgment motion,
4  Plaintiff filed two unnoticed motions on February 5, 2010, in which he
5  requests leave to amend his complaint and seeks to "reintroduce" his
6  Real Estate Settlement Procedures Act ("RESPA") claim which he
7  voluntarily dismissed at a hearing held on July 28, 2009.  (Docket
8  Nos. 104, 108.)  Plaintiff also filed a motion to proceed in forma
9  pauperis.  (Docket No. 106.)
10      For the reasons stated below, Plaintiff's motions are
11 denied, Plaintiff's remaining TILA and HOEPA claims against Defendant
12 Lindauer are *sua sponte* dismissed for failure to state a claim,
13 Value's motion for attorneys' fees is denied and this case shall be
14 closed.

### I.   BACKGROUND

16      Plaintiff's claims concern a first deed of trust loan and a
17 home equity line of credit loan he obtained from Value in January
18 2007.  The terms of the first deed of trust loan were embodied in an
19 adjustable rate note, and the terms of the home equity line of credit
20 loan were stated in a home equity credit line revolving loan
21 agreement.  The first deed of trust loan was secured by a first deed
22 of trust on Plaintiff's property; the home equity line of credit loan
23 was secured by a second deed of trust also on Plaintiff's property.
24 Plaintiff defaulted and Value foreclosed under the second deed of
25 trust in February 2008, and sold Plaintiff's property to a third
26 party.
27      Thereafter, Plaintiff filed a complaint in this federal
28 court on June 26, 2007, alleging twenty-four claims under federal and

state law.  Plaintiff's claims largely concern his allegations that Defendants misrepresented information and failed to make certain disclosures when he obtained his loans.

Fourteen days before the trial was scheduled to commence, on July 14, 2009, the Court *sua sponte* dismissed Plaintiff's twenty state claims under 28 U.S.C. § 1367(c)(2), after finding that Plaintiff's state claims substantially predominated over his federal claims.  The Court also *sua sponte* dismissed Plaintiff's Equal Credit Opportunity Act ("ECOA") claim for failure to state a claim.  After the July 14 order issued, only Plaintiff's TILA, HOEPA and RESPA claims remained.

On July 28, 2009, the day trial was scheduled to begin, a hearing was held to address the parties' failure to file appropriate jury instructions.  At the July 28 hearing, the Court dismissed Plaintiff's RESPA claim after Plaintiff sought to abandon that claim.  Also at the July 28 hearing, following the parties disagreement on the elements of Plaintiff's TILA and HOEPA claims, the Court vacated the trial date and informed the parties that they would be required to submit briefs on Plaintiff's two remaining federal claims.  However, "since the briefs filed . . . fail[ed] to clearly explain the law and facts applicable to Plaintiff's remaining federal claims," a summary judgment briefing schedule was established, and trial was again scheduled.

Value moved for summary judgment on Plaintiff's remaining claims on October 6, 2009, and this motion was granted on January 12, 2010.  Value now seeks $33,240 in attorneys fees under California Civil Code § 1717 ("section 1717") and the fee-shifting provisions included in Plaintiff's loan agreements and deed of trusts.
//

**II. PLAINTIFF'S MOTIONS & THE REMAINING CLAIMS AGAINST DEFENDANT LINDAUER**

On February 5, 2010, Plaintiff filed a motion under Federal Rule of Civil Procedure 15(a) ("Rule 15(a)"), in which he seeks leave to amend his complaint to allege seven federal claims, including claims under RESPA and TILA. Also on February 5, 2010, Plaintiff filed a "motion for reconsideration," through which he seeks to "reintroduce" the RESPA claim he voluntarily dismissed at the July 28, 2009 hearing.

Rule 15(a), however, is not applicable to Plaintiff's request to amend his complaint; instead, Federal Rule of Civil Procedure 16's "good cause" standard governs. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (Federal Rule of Civil Procedure 16's "good cause" standard governs amendment after the issuance of a scheduling order). Since Plaintiff has not shown that good cause justifies allowing amendment of the scheduling order, his motion to amend his complaint is denied.

Further, review of Plaintiff's proposed first amended complaint reveals that it does not state any cognizable federal claims against Lindauer. Since Plaintiff's currently pled TILA and HOEPA claims alleged against Lindauer do not state a claim, they are *sua sponte* dismissed. See Pretrial Scheduling Order 4 (which warned that non-trial worthy issues could be eliminated *sua sponte*).

Lastly, Plaintiff's motion to proceed in forma pauperis is denied as moot since the filing fee has already been paid in this case.

//
//

### III.   VALUE'S MOTION FOR ATTORNEYS' FEES

#### A.   The Fee Shifting Provisions At Issue

Value argues the adjustable rate note, the home equity credit line revolving loan agreement, the first deed of trust and the second deed of trust all include fee-shifting provisions that warrant an award of attorneys' fees under section 1717.

The adjustable rate note provides:

> If the Note Holder has required [borrower] to pay immediately in full as described above, the Note Holder will have the right to be paid back by [borrower] for all its costs and expenses in enforcing this Note to the extent not prohibited by law. **Those expenses include, for example, reasonable attorneys' fees**.

(Ex. 1 ¶ 7(e)) (emphasis added).

The first deed of trust securing the adjustable rate note also provides:

> If . . . there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument . . . then the Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument . . . . **Lender's actions can include, but are not limited to, . . . (b) appearing in Courts; and (c) paying reasonable attorney fees to protect its interests . . . . Lender shall be entitled to collect all expenses incurred . . . including, but not limited to, reasonable attorney fees . . . .**

(Ex. 2 ¶¶ 9) (emphasis added).

The home equity revolving line of credit loan agreement similarly states: "[i]f [lender] demand[s] full payment of the outstanding balance and [borrower] has failed to immediately make payment, **[borrower] agree[s] to pay all collection costs, including [lender's] attorneys' fees**." (Ex. 3 ¶ 12) (emphasis added).

> Lastly, under the second deed of trust, Plaintiff agreed to:
>
>> appear in and defend any action or proceeding purporting to alter the security hereof or the rights or powers of Beneficiary or Trustee and to pay all costs and expenses, including costs of evidence of title and **_attorney's fees in reasonable sum in any such action or proceeding in which Beneficiary or Trustee may appear_**, and in any suit brought by Beneficiary to enforce this Deed of Trust.

(Ex. 4) (emphasis added).

### B. Legal Standard

State law governs the interpretation and application of contractual attorneys' fees provisions. See Resolution Trust Corp. v. Midwest Fed. Sav. Bank, 36 F.3d 785, 800 (9th Cir. 1993) (applying California law to interpret contract that included fee-shifting provision); see also Baldain v. Am. Home Mortg. Serv., Inc., No. CIV. S-09-0931 LKK/GGH, 2010 WL 2606666, at *2 (E.D. Cal. Jun. 28, 2010) (stating "[f]ederal courts apply state law in interpreting and enforcing fee shifting agreements"). Under California law, parties may agree by contract to allocate the payment of attorneys' fees. See Cal. Civ. Proc. Code § 1021 (which states that "[e]xcept as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys . . . is left to the agreement, express or implied, of the parties"). However, California Civil Code § 1717 ("section 1717") governs the recovery of attorneys' fees pursuant to an underlying contract. Section 1717 provides:

> (a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to

6

```
                reasonable attorney's fees in addition to other
                costs . . . .

                Reasonable attorney's fees shall be fixed by the
                court, and shall be an element of the costs of suit
                . . . .

                (b)(1) The court, upon notice and motion by a
                party, shall determine who is the party prevailing
                on the contract for purposes of this section,
                whether or not the suit proceeds to final judgment.
                Except as provided in paragraph (2), the party
                prevailing on the contract shall be the party who
                recovered a greater relief in the action on the
                contract. The court may also determine that there
                is no prevailing party on the contract for purposes
                of this section.

                (2) Where an action has been voluntarily dismissed
                . . ., there shall be no prevailing party for
                purposes of this section . . . .
```

Cal. Civ. Code § 1717. "Therefore, in order for [Value] to recover the attorney[s'] fees it seeks, (1) [one of the] contract[s] [at issue] must authorize such fees, (2) Plaintiff must be the prevailing party, and (3) the fees incurred must be reasonable." First Nat. Ins. Co. of Am. v. MBA Const., No. 02:04-CV-836 GEB-JFM, 2005 WL 3406336, at *2 (E.D. Cal. Dec. 12, 2005); see also Baldain, 2010 WL 2606666, at *5 (stating that "to recover fees incurred in connection with litigation of a claim under a fee shifting contract, a party must show that the claim fell within the scope of the contract and that the party prevailed on the claim").

**C.  Whether Value is Entitled to Attorneys' Fees on Plaintiff's Claims Under Contract**

To demonstrate its entitlement to recover attorneys fees, Value must establish for each claim that it seeks to recover fees for defending against, that the claim fell within the scope of one of the fee-shifting provisions in Plaintiff's loan agreements or deeds of

trust and that Value is a prevailing party on that claim under section 1717.  See Baldain, 2010 WL 2606666, at *5.

//

### 1. Plaintiff's State Law Claims

Plaintiff's twenty state law claims were *sua sponte* dismissed without prejudice under 28 U.S.C. § 1367(c)(2) on July 14, 2010.  Since the dismissal of these claims was without prejudice, and did not prevent Plaintiff from re-filing these claims in state court, Value is not considered a prevailing party on these claims under section 1717.  See Baldain, 2010 WL 2606666, at *4-5, *8 (analyzing California law and concluding that defendant was not a prevailing party under section 1717 on state claims that were dismissed without prejudice under 28 U.S.C § 1367(c)(3)); see also In re Estate of Drummond, 149 Cal. App. 4th 46, 53 (2007) (holding that party was not a prevailing party under section 1717 where claims were dismissed without prejudice).  Since Value is not a prevailing party on Plaintiff's state claims, Value is not entitled to recover attorneys' fees for defending against these claims.

### 2. Plaintiff's ECOA Claim

Further, Plaintiff's ECOA claim was *sua sponte* dismissed for failure to state a claim in an order filed on July 14, 2009.  This dismissal was without prejudice and, therefore, Value is not considered a prevailing party on this claim under section 1717.  See Drummond, 149 Cal. App. 4th at 53 (holding that party was not a prevailing party under section 1717 where claims were dismissed without prejudice).  Accordingly, Value is not entitled to recover attorneys' fees for defending against Plaintiff's ECOA claim.

### 3. Plaintiff's RESPA claim

Plaintiff also voluntarily dismissed his RESPA claim at the July 28, 2009 hearing. Section 1717(b)(2) provides that "there shall be no prevailing party" "[w]here an action has been voluntarily dismissed . . . ." Cal. Civ. Code § 1717(b)(2); see also Baldain, 2010 WL 2606666, at *6 (stating that "§ 1717 provides an immutable rule that when a claim is voluntarily dismissed, there is no prevailing party for purposes of fee shifting agreements"). Value, therefore, is not considered a prevailing party on Plaintiff's RESPA claim and may not recover attorneys' fees for defending against this claim. See Baldain, 2010 WL 260666, at *6 (finding that defendant was not prevailing party on plaintiff's TILA claim because TILA claim was voluntarily dismissed).

**4. Plaintiff's TILA and HOEPA claims**

Value did prevail on its motion for summary judgment on Plaintiff's TILA and HOEPA claims. Value, therefore, is the prevailing party on these two claims.

Further, both of these claims fall within the scope of the fee-shifting provisions since Plaintiff sought to rescind the loan agreements and deeds of trust through these claims. Baldain, 2010 WL 2606666, at *6 (holding that TILA rescission claim was "on contract" and compiling California case law); Bonner v. Redwood Mortg. Corp., No. C 10-00479 WHA, 2010 WL 2528962, at *4 (N.D. Cal. Jun. 18, 2010) (finding that TILA and HOEPA claims were "on contract" under loan and deed of trust agreements); Weber v. Langholz, 39 Cal.4th 1578, 1586 (1995) (holding that plaintiff's TILA rescission claim was within the scope of section 1717 such that a prevailing defendant is entitled to recover fees); see also Silgio v. Castellucci, 21 Cal. App. 4th 873,

878 (1994) (stating "an obligation to pay attorney fees incurred in the enforcement of a contract includes attorneys' fees incurred in defending against a challenge to the underlying validity of the obligation") (citations omitted). Value, therefore, has shown that it is entitled to recover attorneys' fees under the fee-shifting provisions in the loan agreements and deeds of trust for defending against Plaintiff's TILA and HOEPA claims.

### D. The Amount of Attorneys' Fees Recoverable

Value argues it is entitled to recover $33,240 in attorneys fees. Value's lawyer, John Clark Brown, Jr., declares that this sum represents 138.50 hours of work billed at $240 per hour. (Brown Decl. ¶¶ 10, 11.)

A party seeking attorneys' fees "bears the burden of documenting the appropriate hours expended in litigation and must submit evidence in support of those hours worked." Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007). Further, "[t]he applicant should . . . maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); see also Baldain, 2010 WL 2606666, at *9 (stating that "a party seeking fees bears the burden of showing the reasonableness of the number of hours worked in connection with the claims on which the party is entitled to fees"). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Hensley, 462 U.S. at 433. "[T]he trial court has wide discretion to fix a reasonable amount of attorney fees, and is not limited to the amount actually paid by the prevailing party." Gilbert v. Master Washer & Stamping Co., Inc., 87 Cal. App. 4th 212, 220-21 (2001); see also Cal. Civ. Code § 1717(a)

1 (stating that "[r]easonable attorney's fees shall be fixed by the
2 court").

3    Further, section 1717(b) provides that "[t]he court may
4 . . . determine that there is no prevailing party on the contract
5 . . . ."  "If neither party achieves a complete victory on all the
6 contract claims, it is within the discretion of the trial court to
7 determine which party prevailed on the contract or whether, on
8 balance, neither party prevailed sufficiently to justify an award of
9 attorney fees." Scott Co. of California v. Blount, Inc., 20 Cal.4th
10 1103, 1109 (1999). "Typically, a determination of no prevailing party
11 results when . . . the ostensibly prevailing party receives only a
12 part of the relief sought.  In other words, the judgment is considered
13 good news and bad news as to each of the parties." Deane Gardenhome
14 Ass'n v. Denktas, 13 Cal. App. 4th 1394, 1398 (1993) (quotations and
15 citations omitted).

16    Value has not met its burden of demonstrating the
17 reasonableness of the fees it seeks.  The billing records Value
18 submitted do not allow the Court to determine how many hours Value
19 spent defending against Plaintiff's TILA and HOEPA claims.  See
20 Baldain, 2010 WL 2606666, at *9 (denying defendant's request for
21 attorneys' fees, in part, because defendant did not provide evidence
22 that allowed the court to determine how many hours were spent working
23 on the claims for which the party was entitled to recover fees).

24    Further, "it appears that even if [Value] had made [the
25 required] evidentiary showing, the limited nature of [Value's] success
26 would confer upon the court discretion to conclude [Value] was not
27 entitled to fees at all." Id.  Out of Plaintiff's twenty-four claims,
28 Value prevailed on only two; the rest of Plaintiff's claims were

11

dismissed without prejudice.  Therefore, though "ostensibly" the prevailing party, Value has not "prevailed sufficiently to justify an award of attorney fees." Scott Co., 20 Cal.4th at 1109; see also Berkla v. Corel Corp., 302 F.3d 909, 920 (9th Cir. 2002) (affirming district court's decision to deny attorneys fees where it concluded that party had not sufficiently prevailed under section 1717).

Since Value has not adequately documented its fee request nor has it sufficiently prevailed to justify an award of fees, no attorneys' fees will be awarded to Value in this case.  See Baldain, 2010 WL 2606666, at *9 (declining to award any attorneys fees where moving party did not provide adequate documentation and had achieved only a narrow victory).

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motions are denied, Plaintiff's TILA and HOEPA claims alleged against Defendant Lindauer are dismissed and Value's motion for attorneys' fees is denied.  This case shall be closed.

The Clerk of the Court shall mail a copy of this order to Plaintiff at 6601 Greenleaf Drive, Citrus Heights, California 95610.

Dated:  July 19, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge

12